**[J-1-2018]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, CARMEN FEBO SAN MIGUEL, JAMES SOLOMON, JOHN GREINER, JOHN CAPOWSKI, GRETCHEN BRANDT, THOMAS RENTSCHLER, MARY ELIZABETH LAWN, LISA ISAACS, DON LANCASTER, JORDI COMAS, ROBERT SMITH, WILLIAM MARX, RICHARD MANTELL, PRISCILLA MCNULTY, THOMAS ULRICH, ROBERT MCKINSTRY, MARK LICHTY, LORRAINE PETROSKY, | : | No. 159 MM 2017 |
| | : | |
| Petitioners | : | |
| | : | |
| v. | : | |
| | : | |
| THE COMMONWEALTH OF PENNSYLVANIA; THE PENNSYLVANIA GENERAL ASSEMBLY; THOMAS W. WOLF, IN HIS CAPACITY AS GOVERNOR OF PENNSYLVANIA; MICHAEL J. STACK III, IN HIS CAPACITY AS LIEUTENANT GOVERNOR OF PENNSYLVANIA AND PRESIDENT OF THE PENNSYLVANIA SENATE; MICHAEL C. TURZAI, IN HIS CAPACITY AS SPEAKER OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES; JOSEPH B. SCARNATI III, IN HIS CAPACITY AS PENNSYLVANIA SENATE PRESIDENT PRO TEMPORE; ROBERT TORRES, IN HIS CAPACITY AS ACTING SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA; JONATHAN M. MARKS, IN HIS CAPACITY AS COMMISSIONER OF THE BUREAU OF COMMISSIONS, ELECTIONS, AND | : | |

LEGISLATION OF THE PENNSYLVANIA : 
DEPARTMENT OF STATE, :
 :
Respondents :

### DISSENTING OPINION

**JUSTICE BAER**                                     **Filed: February 19, 2018**

Throughout these proceedings, it has been my position that the Pennsylvania Congressional Redistricting Act of 2011 should apply to the impending 2018 election. While I have expressed my misgivings with allowing an election to proceed based upon a constitutionally-flawed map, I continue to conclude that the compressed schedule failed to provide a reasonable opportunity for the General Assembly to legislate a new map in compliance with the federal Constitution's delegation of redistricting authority to state legislatures.  U.S. CONST. art. I, § 4.

My skepticism regarding the time allotted the Legislature has been borne out. Democracy generally, and legislation specifically, entails elaborate and time-consuming processes.  Here, regardless of culpability, the Legislature has been unable to pass a remedial map to place on the Governor's desk for signature or veto.  Under these circumstances, Pennsylvania and federal law permit the use of the existing, albeit unconstitutional, map for one final election. *See Butcher v. Bloom*, 203 A.2d 556, 568-69 (Pa. 1964) (citing *Lucas v. Forty-Fourth General Assembly of State of Colorado*, 377 U.S. 713, 739 (1964)).

Accordingly, I cannot join this Court's order adopting a new judicially-created congressional redistricting map for this year's primary and general elections.  I emphasize that my inability to join the Court's order in no way reflects any opinion on the specific remedial map adopted.